**In re Robert Glenn BUSHOVEN, Debtor.**

**Bankruptcy No. 93–00316.**

United States Bankruptcy Court,
N.D. Florida,
Gainesville Division.

April 13, 1994.

Arthur G. Haller, Gainesville, FL, for debtor.

Leigh Hart, Tallahassee, FL, Trustee.

### ORDER FOR DISGORGEMENT OF FEES

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS MATTER is before the court *sua sponte* pursuant to F.R.B.P. Rule 2017(a) for determination as to whether the fees paid by the debtor in this case to his attorney for services rendered or to be rendered is excessive. The hearing was conducted on March 31, 1994 on notice to the debtor's attorney Arthur G. Haller, following which Mr. Haller was directed to file with the court his time records reflecting services rendered in connection with this case. Having reviewed the time records submitted by Mr. Haller, the entire case file, and having considered the testimony of the debtor, I find that the fee charged by Mr. Haller in this case is excessive and Mr. Haller will be directed to refund to the debtor the sum of $950.00.

This case was commenced on October 28, 1993 by the filing of a petition for relief under Chapter 13 of this Bankruptcy Code. Prior to the filing of the case, the debtor paid his retained attorney, Mr. Haller, the sum of $1,687.00 from which the filing fee of $150.00 to the Bankruptcy Court was paid. The petition for relief was accompanied by the schedules and statement of affairs as required by 11 U.S.C. § 521(1). Thereafter, no other papers were filed in this case by the debtor until March 1, 1994, when the debtor filed a Motion for Voluntary Dismissal following a motion by the trustee to dismiss the case and the filing of a motion for relief from stay by the holder of a mortgage on the debtor's homestead. The debtor never filed a Chapter 13 plan and since the filing of the petition, made no payments to the Chapter 13 trustee or to either of the holders of mortgages on his homestead. Based on the debtor's motion, this case was dismissed on March 7, 1994, with a retention of jurisdiction to determine the reasonableness of the fees received by Mr. Haller in connection with this case.

The time summaries filed by Mr. Haller reflect that following the initial preparation of the petition and related documents, virtually no further activity was pursued by Mr. Haller or his office relative to a Chapter 13 plan until February 3, 1994, over 2½ months after a plan was required to have been filed pursuant to F.R.B.P. Rule 3015(b). With the exception of his attendance at the § 341 meeting of creditors on December 9, 1993, the only activities recorded in Mr. Haller's time records between October 27, 1993, the day prior to the petition date, and February 12, 1994 consisted of reviewing documents received from the court and from creditors. On February 12, 1994, Mr. Haller spent one hour reviewing and revising a Chapter 13

plan drafted by his paralegal, which plan was never filed and was at that time three months late. After that date, the balance of Mr. Haller's activities were related to dismissal of the case. With regard to Mr. Haller's paralegal/legal assistant time, those records likewise reveal absolutely no activities towards the pursuit of a Chapter 13 plan until February 3, 1994 on which date 1.0 hours was logged drafting a preliminary Chapter 13 plan. On December 9, 1993, the paralegal logged 1.0 hours for preparing the file and pleadings for § 341 meeting and contacting client to remind him of the meeting. Given the fact that the only items that Mr. Haller's office has filed for the debtor in this case were the original petition and schedules and the motion to dismiss and that no other parties filed any pleadings prior to the meeting of creditors, I find it difficult to imagine how a paralegal could have spent an hour preparing the file and pleadings for the § 341 meeting. In reviewing the time records of Mr. Haller, I note of the absence of any entries reflecting any effort by Mr. Haller either by telephone or through correspondence to pursue with the debtor the preparation of a Chapter 13 plan.

At the hearing on this matter, Mr. Haller told the court that the petition had been filed to save the debtor's homestead from foreclosure but that the debtor had marital and employment problems which prevented him from successfully reorganizing. The debtor testified that Mr. Haller had explained to him the need to make payments to the trustee and to creditors and to propose a plan. However, these matters are not reflected anywhere in Mr. Haller's time records.

The court is authorized pursuant to 11 U.S.C. § 329 to examine the compensation paid to an attorney representing a debtor in a case and if the court determines that the compensation exceeds reasonable value of such services to order the return of any such payment to the extent excessive to the entity that made such payment. In this case, I find that Mr. Haller and his office are entitled to compensation for only those services which were rendered in connection with the initial preparation and filing of the petition for relief. For Mr. Haller, that time totals 2.5 hours up and including attendance at the § 341 meeting of creditors in Gainesville. While Mr. Haller charges an hourly rate of $150.00 an hour, I find that given the inadequate quality of services provided in connection with this case, the hourly rate should be reduced to $125.00 per hour. With respect to the time logged by the paralegal, I find that five hours at $50.00 an hour is reasonable. Thus, the total attorney's fees which I find to be reasonable is $513.00. An additional $24.00 is allowed for costs for a total allowance of $537.00. The remaining balance of $950.00 shall be disgorged and remitted to the debtor. Accordingly it is hereby

ORDERED AND ADJUDGED that the debtor's attorney, Arthur G. Haller be and he is hereby ordered and directed to remit disgorged attorney's fees received in the amount of $950.00 and remit same to the debtor, Robert Glen Bushoven within fifteen (15) days from the date of entry of this order and to certify same to this court.

DONE AND ORDERED.